**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH DAKOTA**
**WESTERN DIVISION**

| | |
|---|---|
| MILKSONGS, W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP., SEVEN PEAKS MUSIC, BREAKING BENJAMIN MUSIC, BENJAMIN BERGER PUBLISHING, JVKE SONGZ, ZVC SONGZ, PURPLE RABBIT MUSIC, ESSANCY MUSIC GROUP LLC, RANGE MUSIC PARTNERS, PINEAPPLE LASAGNE, KURSTIN MUSIC, WHEN I'M RICH YOU'LL BE MY BITCH, KASZ MONEY PUBLISHING, SECRET MEADOW SONGS, PHENOMENAL NOTHING MUSIC, SONGS OF SOUTHSIDE INDEPENDENT MUSIC PUBLISHING, and DANIEL LEONARD NIGRO MUSIC,<br><br>          Plaintiffs,<br><br>  vs.<br><br>HAUGO BROADCASTING, INC. and CHRISTIAN HAUGO,<br><br>          Defendants. | Case No.   5:26-cv-5076<br><br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, ET SEQ.)** |

Plaintiffs, Milksongs, W Chappell Music Corp. d/b/a WC Music Corp., Seven Peaks Music, Breaking Benjamin Music, JVKE Songz, ZVC Songz, Purple Rabbit Music, Essancy Music Group LLC, Range Music Partners, Pineapple Lasagne, Kurstin Music, When I'm Rich You'll Be My Bitch, Kasz Money Publishing, Phenomenal Nothing Music, Daniel Leonard Nigro Music, and Songs of Southside Independent Music Publishing (collectively, "Plaintiffs") by their undersigned attorneys, allege as follows:

## NATURE OF THE ACTION

1.   This action alleges fourteen (14) counts of willful copyright infringement arising out of the unauthorized public performance of Plaintiffs' copyrighted musical compositions via radio broadcast on commercial radio stations owned and operated by the defendants, Haugo Broadcasting, Inc. ("HBI") and Christian Haugo (together with HBI, the "Defendants"). Defendants own and operate several radio stations on a "music" format, broadcasting music on a nearly continuous basis.  Notwithstanding the regular public performances of music on those stations, Defendants have not had a license from Plaintiffs' performing rights organization, the American Society of Composers, Authors and Publishers ("ASCAP"), since April 9, 2024, when ASCAP duly terminated Defendants' then-existing license for default in payment of license fees.

2.   Accordingly, for more than two years, Defendants have not had permission from ASCAP to broadcast performances of its members' copyrighted music on their radio stations.  Nor have Defendants ever obtained permission to broadcast such performances directly from ASCAP's music publisher members, who own the copyrights in the music licensed by ASCAP.  And so, for the last two-plus years, it is a virtual certainty that Defendants have engaged in rampant copyright infringement, on a daily and near-continuous basis.

3.   Federal copyright law is clear: radio station owners must obtain permission from copyright owners *before* broadcasting performances of their music over the airwaves.  Defendants had every opportunity to obtain an ASCAP license that would have granted them the requisite permission and that would have ensured the payment of fair compensation to the music creators, including Plaintiffs, whose music is the very lifeblood of the commercial radio industry.  Instead, by willfully infringing upon the rights of Plaintiffs and other ASCAP members, Defendants are causing direct harm to Plaintiffs and countless other music-creator members of ASCAP whose

music is being broadcast over Defendants' radio stations. Defendants' egregious misconduct must not be condoned.

## THE PARTIES

4. The Plaintiffs named in Column 2 of Schedule A[*] are music publishers and own valid copyrights in the works listed in corresponding Column 3 and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. Defendant HBI is a corporation organized under the laws of South Dakota with a principal office located at 3601 Canyon Lake Drive, Suite 1, Rapid City, SD 57702. HBI is the FCC licensee of commercial radio stations KIQK-FM, located in Rapid City, South Dakota; KSQY-FM, located in Deadwood, South Dakota; KTOQ-AM, located in Rapid City, South Dakota; and KXMZ-FM, located in Box Elder, South Dakota (collectively the "Haugo Radio Stations").

6. Defendant Christian Haugo is an individual who resides and/or does business in this district.

7. Mr. Haugo is an officer, director, and/or owner of HBI.

---

[*] SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made regarding Defendants' acts of infringement.

**JURISDICTION AND VENUE**

8. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

9. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

10. Defendants are subject to personal jurisdiction in South Dakota because they reside and/or do business in the state.

11. Venue is proper pursuant to 28 U.S.C. § 1400(a) because the Defendants reside in this District. Venue is also proper under 28 U.S.C. § 1391(b)(1) because all Defendants are residents of South Dakota and § 1391(b)(2) because Defendants' infringing conduct occurred in this district.

**DEFENDANTS' OWNERSHIP AND OPERATION
OF THE HAUGO RADIO STATIONS**

12. Defendants jointly own and operate radio station KIQK-FM for commercial purposes. KIQK-FM broadcasts over frequency 104.1 FM and serves the Rapid City, South Dakota region. It is advertised as operating on a "new country" music format (*e.g.*, playing contemporary country music hits). In connection with the operation of KIQK-FM, Defendants publicly perform musical compositions, and/or cause musical compositions to be performed publicly, by means of programming broadcast by the radio station.

13. Defendants jointly own and operate radio station KSQY-FM (or "K-SKY") for commercial purposes. KSQY-FM broadcasts over frequency 95.1 FM and serves the Deadwood, South Dakota region. It is advertised as operating on a "rock" music format (*e.g.*, playing mainstream rock and roll). In connection with the operation of KSQY-FM, Defendants publicly perform musical compositions, and/or cause musical compositions to be performed publicly, by means of programming broadcast by the radio station.

14.    Defendants jointly own and operate radio station KTOQ-AM for commercial purposes.  KTOQ-AM broadcasts over frequency 1340 AM and serves the Rapid City, South Dakota region.  It is marketed as a sports talk radio station. Although sports talk radio stations typically do not feature regular public performances of music, musical compositions are sometimes included in the programming broadcast on such stations (*e.g.*, as "theme songs" for particular radio programs, as background music, incorporated in commercials, or as "music cues").  Because ASCAP's members include songwriters and lyricists who compose such music, it is a virtual certainty that ASCAP's members' music is being performed publicly as part of the programming broadcast by radio station KTOQ-AM.

15.    Defendants jointly own and operate radio station KXMZ-FM for commercial purposes.  KXMZ-FM broadcasts over frequency 102.7 FM and serves the Box Elder, South Dakota region.  It is advertised as operating on a "today's hits" music format (*i.e.*, the station broadcasts contemporary popular music).  In connection with the operation of KXMZ-FM, Defendants publicly perform musical compositions, and/or cause musical compositions to be performed publicly, by means of programming broadcast by the radio station.

16.    As the owners and operators of the Haugo Radio Stations, Defendants have the right and ability to control the content that is broadcast on the stations, including the right and ability to control whether the stations broadcast public performances of copyrighted musical compositions.

17.    Defendants HBI and Christian Haugo each derive a direct financial benefit from the public performance of musical compositions on the Haugo Radio Stations through, among other things, selling advertising spots to local and national advertisers to be incorporated in radio broadcasts on those stations.

## ASCAP'S LICENSING OF THE RADIO INDUSTRY
## AND THE HAUGO RADIO STATIONS

18.     Each of the Plaintiffs is now, and at the times of the alleged infringements was, a member of ASCAP. ASCAP's more than one million songwriter, composer and music publisher members are the creators and owners of the copyrights in more than 20 million musical works. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions, including the right to perform those compositions publicly via radio broadcasting.

19.     For decades, ASCAP—on behalf of its members—has negotiated uniform license agreements with a committee comprised of broadcasters representing thousands of commercial radio stations.  The negotiated, industry-wide license agreement then becomes the *de facto* ASCAP license for the great majority of commercial radio stations for the duration of the term of the license agreement.

20.     The current industry-wide agreement for the commercial industry has been in effect since July 1, 2025 (the "2025 ASCAP Radio License Agreement").  Prior to that, for the period between January 1, 2022 and June 30, 2025 (the "Interim License Period"), radio stations had been operating pursuant to an "interim license" arrangement with ASCAP.  During the Interim License Period, the terms of the prior industry-wide ASCAP license agreement, covering the term from January 1, 2017 through December 31, 2021 (the "2017 ASCAP Radio License Agreement"), were extended on an interim basis.

21.     Like the owners and operators of thousands of other commercial radio stations operating in the United States, Defendants were at one time licensed to perform ASCAP's members' music on the Haugo Radio Stations.

22.     However, by in or around August of 2022, Defendants had become seriously delinquent in payment of the license fees owed to ASCAP under the 2017 ASCAP Radio License Agreement.  As a result, ASCAP licensing representatives contacted Defendants, including Christian Haugo specifically, in efforts to address the Haugo Radio Stations' delinquencies and bring their accounts current.

23.     Between August of 2022 and January of 2024, ASCAP repeatedly contacted Mr. Haugo in writing and by telephone, offering Defendants the opportunity to enter into a payment plan that would allow Defendants to bring their ASCAP accounts current over time, subject to the Defendants also paying license fees due on a current basis.

24.     However, when the parties appeared to be on the verge of agreeing on the terms of just such a payment plan, Mr. Haugo refused to sign the agreement memorializing the terms and simply stopped corresponding with ASCAP.

25.     As a result, ASCAP duly terminated Haugo's ASCAP license, effective as of April 9, 2024 (the "Date of Termination").

26.     Even after the Date of Termination, ASCAP made several attempts to resolve this matter without resort to litigation.  Unfortunately, Defendants have ignored all such attempts and have made no effort to take the steps necessary to reinstate the Haugo Radio Stations' ASCAP licenses.

27.     As a result, Defendants have been operating the Haugo Radio Stations without an ASCAP license since the Date of Termination.  Since that date, they have knowingly and willfully continued to broadcast public performances of ASCAP's members' music without permission and without compensating either ASCAP or its members for such performances.

**DEFENDANT'S WILLFUL INFRINGING**
**PERFORMANCES OF PLAINTIFFS' WORKS**

28.    Plaintiffs have obtained evidence that Defendants have routinely continued to broadcast public performances of ASCAP's members music on the Haugo Radio Stations without authorization since the Date of Termination.  Plaintiffs' copyrighted works, listed on SCHEDULE A to the complaint, are just a representative sample of the dozens, if not hundreds, of songs in the ASCAP repertory that have been performed without authorization by Defendants, as evidenced by analysis of recordings ASCAP obtained from a third-party radio taping service.

29.    The original musical compositions listed in Column 3 of SCHEDULE A to the Complaint were performed without authorization on the dates and stations indicated in Column 7.

30.    The original musical compositions listed in Column 3 of SCHEDULE A were created and written by the individuals listed in corresponding Column 4.

31.    The original musical compositions listed in Colum 3 were published on the dates stated in Column 5, and since their respective dates of publication have been printed and published in strict conformity with Title 17 of the United States Code.

32.    The Plaintiffs named in each of the 15 claims of infringement, as laid out in SCHEDULE A, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

33.    At the times of the acts of infringement complained of, the Plaintiffs listed in Column 2 of SCHEDULE A owned—and continue to own—valid copyrights in the musical works listed in corresponding Column 3.

34.     The copyrighted works listed in Column 3 of SCHEDULE A are 100%-owned and/or controlled by ASCAP's members.  As a result, no other U.S.-based performing rights licensing organization has the right to license public performances of the listed works.

35.     At the time of the acts of infringement complained of, Defendants were aware that their radio stations were not licensed by ASCAP.

36.     At the time of the acts of infringement complained of, Defendants did not have permission from Plaintiffs—or anyone acting on Plaintiffs' behalf—to publicly perform Plaintiffs' musical compositions, whether by means of radio broadcast, or any other means.  Yet, Defendants did nothing to prevent the public performances of Plaintiffs' musical works on which this action is based.

37.     At all relevant times Defendants have had—and continue to have—the right and ability to supervise and control the activities undertaken in connection with the operation of the Haugo Radio Stations, including the right and ability to supervise and control the public performance of music by such stations.

38.     At all relevant times, Defendants have received—and continue to receive—a direct financial benefit from the public performance of music on the Haugo Radio Stations.

WHEREFORE, Plaintiffs pray:

I.     That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained preliminarily and permanently from publicly performing and/or causing or permitting the public performance of Plaintiffs' copyright music, or any other musical compositions in the ASCAP repertory, by means of radio or digital broadcast over the Haugo Radio Stations.

II.     That Defendants be decreed to pay such statutory damages for willful infringement as to the Court shall appear just, as specified in 17 U.S.C. §§ 504(c) (2), namely, not more than One Hundred Fifty Thousand Dollars ($150,000.00) nor less than Seven Hundred And Fifty Dollars ($750.00) for each of the 14 acts of infringement set forth herein.

III.    That Defendants alternatively be decreed to pay such statutory damages for non-willful infringement as to the Court shall appear just, as specified in 17 U.S.C. §§ 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000.00) nor less than Seven Hundred And Fifty Dollars ($750.00) for each of the 14 acts of infringement set forth herein. That Defendants be decreed to pay the costs of this action and that a reasonable attorneys' fee be allowed as part of the costs under 17 U.S.C. § 505.

IV.     For such other and further relief as may be just and equitable.

Dated:  6/8/2026                                    Respectfully submitted,

                                                    Ballard Spahr LLP

                                                    /s/ Timothy R. Rahn
                                                    Timothy R. Rahn

                                                    101 South Reid Street
                                                    Suite 302
                                                    Sioux Falls, SD 57103
                                                    (605) 978-5200
                                                    Fax: (605) 978-5225
                                                    Email: rahnt@ballardspahr.com

**SCHEDULE A**

Columns

| Cause of Action | Plaintiff(s) | Musical Composition | Author(s) | Date of Publication | Registration Number | Date and Station of Known Infringement |
|---|---|---|---|---|---|---|
| 1. | MILKSONGS | "Big Empty" | Dean Deleo<br>Robert E. Deleo<br>Eric Kretz<br>Scott R Weiland | May 31, 1994 | PA 1-696-294 | 5/22/2024<br><br>KSQY-FM |
| 2. | W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP. | "Karma Police" | Colin C. Greenwood<br>Jonathan R. G. Greenwood;<br>Edward J. O'Brian<br>Philip J. Selway<br>Thomas E. Yorke | May 21, 1997 | PA 2-540-858 | 5/22/2024<br><br>KSQY-FM |
| 3. | W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP. | "Creep" | Colin C. Greenwood<br>Jonathan R. G. Greenwood<br>Albert L. Hammond<br>Michael E. Hazelwood<br>Edward J. O'Brian<br>Philip J.  Selway<br>Thomas E. Yorke | August 6, 1993 | PA 739-812 | 5/23/2024<br><br>KSQY-FM |
| 4. | SEVEN PEAKS MUSIC<br><br>BREAKING BENJAMIN MUSIC | "Failure" | Benjamin Burnley | March 24, 2015 | PA 1-958-902 | 5/23/2024<br><br>KSQY-FM |
| 5. | MILKSONGS | "Interstate Love Song" | Dean Deleo<br>Robert E. Deleo<br>Eric Kretz<br>Scott R. Weiland | May 31, 1994 | PA 1-696-290 | 5/23/2024<br><br>KSQY-FM |

1

| Cause of Action | Plaintiff(s) | Musical Composition | Author(s) | Date of Publication | Registration Number | Date and Station of Known Infringement |
|---|---|---|---|---|---|---|
| 6. | W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP. | "Shut Up And Dance" | Ryan McMahon<br>Ben Berger<br>Nicholas Petricca<br>Sean Waugaman<br>Kevin Ray<br>Eli Maiman | December 2, 2014 | PA 1-962-818 | 5/28/2024<br><br>KXMZ-FM |
| 7. | JVKE SONGZ<br><br>ZVC SONGZ | "Golden Hour" | Jacob D. Lawson<br>Zachary J. Lawson | July 15, 2022 | PA 2-490-681 | 5/28/2024<br><br>KXMZ-FM |
| 8. | PURPLE RABBIT MUSIC | "Fast Car" | Tracy L. Chapman | March 1, 1988 | PA 417-827 | 5/28/2024<br><br>KXMZ-FM |
| 9.. | ESSANCY MUSIC GROUP LLC<br><br>RANGE MUSIC PARTNERS<br><br>W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP. | "Lil Boo Thang" | Sean Cook<br>Albert P. McKay<br>Paul J. Russell<br>Maurice White | August 8, 2023 | PA 2-529-028 | 5/28/2024<br><br>KXMZ-FM |
| 10. | PINEAPPLE LASAGNE<br><br>KURSTIN MUSIC | "Cheap Thrills" | Sia Furler<br>Gregory Kurstin | January 29, 2016 | PA 2-135-840 | 5/29/2024<br><br>KXMZ-FM |
| 11. | WHEN I'M RICH YOU'LL BE MY BITCH<br><br>KASZ MONEY PUBLISHING | "Hot N Cold" | Katy Perry<br><br>Luke Goldwater<br><br>Max Martin | June 17, 2008 | PA 1-697-567 | 5/29/2024<br><br>KXMZ-FM |

2

| Cause of Action | Plaintiff(s) | Musical Composition | Author(s) | Date of Publication | Registration Number | Date and Station of Known Infringement |
|---|---|---|---|---|---|---|
| 12. | PHENOMENAL NOTHING MUSIC<br><br>DANIEL LEONARD NIGRO MUSIC | "Obsessed" | Annie Clark<br>Daniel L. Nigro<br>Olivia Rodrigo | September 9, 2023 | PA 2-464-131 | 5/29/2024<br><br>KXMZ-FM |
| 13. | W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP.<br><br>SONGS OF SOUTHSIDE INDEPENDENT MUSIC PUBLISHING | "Do I Make You Wanna" | Ashley Gorley<br>Zach Crowell<br>Matt Jenkins<br>Jerry Flowers | June 2, 2015 | PA 2-004-649 | 2/6/2026<br><br>KIQK-FM |
| 14. | DANIEL LEONARD NIGRO MUSIC | "Pink Pony Club" | Kayleigh R. Amstutz<br><br>Daniel L. Nigro | April 3, 2020 | PA 2-541-076 | 2/10/2026<br>KXMZ-FM |

3

✎JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS
MILKSONGS, et al

## DEFENDANTS
HAUGO BROADCASTING, INC. and CHRISTIAN HAUGO

**(b)**  County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)
Timothy R. Rahn; Ballard Spahr LLP, 101 S. Reid Street, Suite 302, Sioux Falls, SD, 57103; 605-978-5200; rahnt@ballardspahr.com

Attorneys (If Known)

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question (U.S. Government Not a Party)
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**PERSONAL INJURY**
- [ ] 362 Personal Injury - Med. Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 440 Other Civil Rights

### PRISONER PETITIONS
- [ ] 510 Motions to Vacate Sentence
**Habeas Corpus:**
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

### FORFEITURE/PENALTY
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [x] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN    (Place an "X" in One Box Only)
- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from another district (specify)
- [ ] 6  Multidistrict Litigation
- [ ] 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:

Brief description of cause:
Copyright infringement of musical compositions

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  [ ] Yes  [x] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE
06/08/2026

SIGNATURE OF ATTORNEY OF RECORD
/s/ Timothy R. Rahn

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse  (Rev. 11/04)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.      **(a) Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys.  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     **Jurisdiction**.  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

III.    **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV.     **Nature of Suit**.  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

V.      **Origin**.  Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

VI.     **Cause of Action**.  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity**.                    Example:            U.S. Civil Statute: 47 USC 553
                                                                        Brief Description: Unauthorized reception of cable service

VII.    **Requested in Complaint**.  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases**.  This section of the JS 44 is used to reference related pending cases if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**.  Date and sign the civil cover sheet.